JOHN EVANS ET AL., APPELLANTS, VS. GEORGE SUMMERLIN, APPELLEE.

1. Where the deed of a married woman, whereby she seeks to convey her separate property, contains the name of herself only as the grantee, and her husband is not named in the body of the deed, but signs the deed with her, and both duly acknowledge its execution, this is a sufficient assent and joining with her under the statute to convey the property of the wife.

2 The acknowledgment of a married woman of the execution of a deed conveying her separate property, which acknowledgment states that she made herself a party to the deed "for the purpose of relinquishing her right of dower" in the lands described, she having no right of dower, present or prospective, but an estate in fee, must be considered and construed to be an acknowledgment of the due execution according to the import of the language of the deed.

3. Where a bill is filed to reform a deed or perfect a title, it being

alleged that there are imperfections in the deed which render the title precarious, and it appears that the defects in the deed are not material, but that it conveys a good title in law, the bill is demurrable for want of equity and should be dismissed.

Appeal from the Circuit Court for Orange county. The facts of the case are stated in the opinion.

*John W. Price* for Appellant.

*St. Clair Abrams & Summerlin* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Summerlin filed his bill against John Evans, the husband of the late Elizabeth Evans, and against Frank Evans and others, children and heirs at law of the deceased, alleging that on the first day of November, 1873, he purchased from Elizabeth Evans a tract of land containing about eighty acres in Orange county then owned by her as her separate property ; that he paid her $2,600 for the land, and she and her said husband attempted to execute a deed of conveyance to him, and did execute and deliver to him a paper purporting to be a deed of conveyance, and delivered to him the possession of the land, of which he has been in the possession to the present time ; that Elizabeth Evans has since died ; that owing to the mistakes of complainant, who, in the absence of a lawyer, prepared the said deed, there were defects in the deed which he is advised create a cloud upon his title and form an obstacle to his selling the property, which mistakes and defects are as follows : The name of said John Evans does not appear in the body of the deed as a grantor, though he signed and sealed the same with his wife, Elizabeth Evans, and both acknowledged the execution of the deed before a Justice of the Peace, but the name of Elizabeth Evans alone appears as grantor in the body of the deed.   The acknowledgment of

said deed is also defective in this; that though Mrs. Evans by the terms of the deed conveyed and intended to convey the property in fee, her husband joining therein, yet as the form of her separate acknowledgment reads, she acknowledged and declared that "I did make myself a party to and executed the foregoing deed of conveyance for the purpose of relinquishing my right of dower in and to the lands in said conveyance described and granted, and that said relinquishment and renunciation of dower was and is made freely and voluntarily, and without any compulsion, constraint, apprehension or fear of or from my said husband, the said John Evans." This was taken before and duly certified by a Justice of the Peace, and the deed was recorded August 19th, 1875.

Complainant says he did not discover the errors and omissions in the deed until after the death of Mrs. Evans.

The prayer of the bill is that the defendants, the husband and children of Mrs. Evans, be required, by the order and decree of the court, to execute to complainant a quit claim deed to said tract of land, of all right, title or interest whatsoever therein, and that by the decree of the court the said deed may be so reformed as to give effect to the intention of the parties, and for such other relief, &c.

The defendants, John Evans, Frank Evans, Jennie Collier and George Collier, demurred to the bill for want of equity, and the court overruled the demurrer. From this order these defendants appealed.

Several grounds of error are assigned, but there is only one question to be considered, and that is, whether the complainant has any ground upon which to stand in a court of equity, assuming, without admitting, that the court might have power to grant relief if the deed is inoperative by reason of the defects stated.

The act of February 4, 1835, (McC. Dig., 755, §9,) pro-

vides that any married woman owning real estate of inheritance may sell and convey the same as though she were sole and unmarried, provided the husband join in such sale or conveyance, and the same be duly authenticated in the manner prescribed by the laws regulating conveyances of real estate, and provided also that such married woman shall acknowledge, on a separate or private examination before the officer authorized to take her acknowledgment of such conveyance, separate and apart from her husband, that she executed the same freely, &c.

There seems to be no question that this deed was executed in conformity to the requirements of law, except, whether it was necessary that the name of the husband should appear in the body of the deed, and whether the certificate of acknowledgment was sufficient in form and substance.

Statutes similar in substance to the above, relating to conveyances by married women, exist in several States. In Tennessee, 10 Heisk., 226, in the case of Friedenwaldt vs. Mullen, the court say: " The purpose or reason why the law requires that the husband should join in the deed with his wife is, that his assent to the conveyance might appear, and that it might also appear that he was present to protect her from imposition. 3 Head, 388. Why should he, upon the face of the deed, be required to say that he conveys and is seised and possessed and has a good right to convey, when these covenants as to the land belonging to his wife are not true? All that is required of him to signify his assent and presence is his signature. That binds him to all the recitals contained in the instrument, and makes it as much his deed or obligation as if his name was inserted in the body of it. By his signing, delivery and acknowledgment of the deed he would be forever estopped from setting up any claim to the property con-

veyed." In Mount vs. Kesterson, 6 Coldwell (Tenn.), 452, the same reasoning occurs.

In Hills vs. Bearse, 9 Allen, Mass., 403, the husband was not joined with the wife in the body of the deed as a grantor, his name first appearing in the "*testimonium* clause," and it was signed by both. Regarding the deed as containing the husband's written assent to the wife's conveyance, it was held to be a valid conveyance. The cases of Elliot vs. Sleeper, 2 N. H., 525 ; Woodvard vs. Seaver, 38 N. H., 29, and Stone *et al.* vs. Montgomery, 35 Miss., 83, 107, are substantially identical with the case at bar, and they hold that in a conveyance of the wife's separate property, under a like statute, the wife only being named in the body of the deed as the grantor, and the husband's signature and seal being affixed with hers, both acknowledging the execution, he is estopped from setting up any claim to the property against the grantee, and the title of the wife was conveyed by his co-operation.

No case is cited, and we have found none to sustain any other conclusion. We are entirely satisfied, not only upon authority but upon well-settled principles of law, that the deed of Mrs. Evans, in which her husband joined in the manner and under the circumstances stated in the bill, if properly acknowledged, was sufficient in law to convey her legal title to the complainant.

It becomes necessary next to ascertain whether the execution of the deed was duly acknowledged. The acknowledgment of John Evans, the husband, and the certificate thereof are not questioned. He acknowledges that he executed the deed for the uses and purposes therein expressed, that is, to transfer the title from Mrs. Evans to the grantee.

In Stone vs. Montgomery, 35 Miss., 83, where the wife had signed a deed conveying her separate property, and in which she was named as sole grantor, but her husband had

signed and acknowledged the deed with her, as in the case at bar, the acknowledgment was that she " did on a private examination made of her, apart from her husband, acknowledge that she signed, sealed and delivered the same as her voluntary act and deed, and without any fear, threats or compulsion of her said husband, and in bar of dower." It was there held that the estate conveyed being the property of the wife, the intention was to convey her entire right of property, and having acknowledged that she had voluntarily executed the deed that was all that the law required ; and that the words " in bar of dower " neither added to nor limited the effect of the acknowledgment that she had executed the conveyance.

Hartley vs. Ferrill, 9 Fla., 374, fully decided the question. There the acknowledgment of a married woman of the execution of a deed of her separate property stated that she " executed the same with the intent thereby to renounce, release, relinquish, and forever quit claim, all my right, title and interest of dower in and to the lands and tenements therein mentioned," &c. The certificate was almost identical in form and substance with the paper before us in this suit. DuPont, C. J., in delivering the opinion of the court, says : " If the words 'of dower' were stricken out, there could be no doubt as to the sufficiency of the acknowledgment. Shall these words be permitted to defeat the evident intention of the parties to the instrument ? The execution of this acknowledgment was manifestly intended to convey some interest in the premises, or it was made in pursuance of a premeditated fraud. Mrs. Sellers had no *dower* interest ; her only interest was in the fee. If the fee was not intended to be conveyed, then no interest was passed to the grantee, and the whole transaction bears the impress of an unmitigated attempt at fraud. We will not do this lady the injustice to put such a construc-

tion on her act; but will rather attribute the insertion of the word 'dower' to the lack of information or inadvertence of the officer who made the examination. We think the word may be discarded as surplusage without doing violence to any principle of law."

This reasonable construction has stood for upwards of twenty years, and may be considered as a settled rule of law and of property rights; and if the question was new we should make the same rule in the present case. The grant in the deed is that of her estate in the land. She acknowledges that she executed it freely and without compulsion, fear or restraint of her husband. This is all that the law requires. The word " dower " has no meaning, because she had no dower, and the use of the word in the acknowledgment does not limit the estate intended to be conveyed as expressed in the terms of the deed itself.

The result is that we find from the case presented in the bill that the complainant has a valid title at law, and there is no ground for the interposition of a court of equity. The decree of the Chancellor overruling the demurrer must be reversed and the cause remanded, with directions to sustain the demurrer and dismiss the bill for want of equity.