# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

HENRY STEINMEYER *et al.*

*v.*

JOHN SCHROEPPEL. ·

*Opinion filed February 21, 1907.*

1. CONTRACTS—*power of equity to cancel contract for mistake.* An apparently valid contract in writing, which, by reason of a mistake of fact by one of the parties, not due to his negligence, is different with respect to the subject matter or terms from what was intended, may be canceled by a court of equity if the parties can be placed *in statu quo.*

2. SAME—*mistake must not result from negligence.* To justify cancellation of a contract upon the ground of mistake, the fact concerning which the mistake was made must be material to the transaction and affect its substance, and the mistake must not be the result of want of the care and diligence exercised by persons of ordinary prudence under the same circumstances.

3. SAME—*a mistake in adding items is not ground for canceling contract.* A mistake by a dealer in adding up the various items of the selling price of material upon which he had been asked to furnish an estimate, does not justify a court of equity in canceling a contract to furnish such material based upon the other party's acceptance of the proposition to furnish the same for the amount represented by the erroneous total.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

WARNOCK, WILLIAMSON & BURROUGHS, (WILLIAM G. BURROUGHS, of counsel,) for appellants:

While a written contract will not be reformed on account of a mistake of one of the parties, equity will grant relief by rescinding the contract if the parties can be placed *in statu quo* or no injustice will result therefrom, provided it appears such mistake was unintentional. In this case appellants are not endeavoring to reform this contract in accordance with their understanding of what it should have been, but simply asking to have it rescinded. 24 Am. & Eng. Ency. of Law, (2d ed.) 618*b;* 14 Ency. of Pl. & Pr. 38, 39; 18 id. 761; *Douglas* v. *Grant,* 12 Ill. App. 273; *Werner* v. *Rawson,* 89 Ga. 625.

A mistake is (1) a belief in the present existence of a thing material to the contract which does not exist; (2) an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; (3) the doing of an act under an erroneous conviction, which act, but for such conviction, would not have been done; or (4) ignorance of a fact which has misled a person to do that which, if he had not been in error, he would not have done. *Hoops* v. *Fitzgerald,* 204 Ill. 329; *Peasley* v. *McFadden,* 68 Cal. 611; *Davis* v. *School Township,* 19 Ind. App. 694; *Bruse* v. *Nelson,* 35 Iowa, 157.

The contract in question was entered into through mistake of fact by the appellants, and not through negligence. *Dunn* v. *O'Mara,* 70 Ill. App. 609; *McCloskey* v. *McCormick,* 44 Ill. 336; 20 Am. & Eng. Ency. of Law, (2d ed.) 807; *Purvines* v. *Harrison,* 151 id. 219.

This mistake could not be pleaded as a defense in the lawsuit brought by appellee against appellants, hence the

necessity of filing the bill to rescind the contract. *McClos-key* v. *McCormick*, 37 Ill. 66; *Andrus* v. *Mann*, 92 id. 40; 18 Ency. of Pl. & Pr. 752*b*.

HADLEY & WHEELER, and C. H. BURTON, for appellee:

A contract will not be rescinded, in equity, for mistake of fact, though connected with the transaction, where such mistake is in the process of reasoning or of the motives of a party. Chitty on Contracts, (11th Am. ed.) 1022; *Daubman* v. *Schulting*, 75 N. Y. 55; *Sankey* v. *Bank*, 78 Pa. St. 48; *Conner* v. *Grannis*, 75 Ga. 277; *Philpot* v. *Gruninger*, 14 Johns. Ch. 566; *Segar* v. *Tingley*, 11 Conn. 134; *Trigg* v. *Read*, 5 Humph. 529; *Henderson* v. *Dickey*, 35 Mo. 120; *Paulison* v. *VanIderstine*, 28 N. J. Eq. 306; *Stettheimer* v. *Killip*, 75 N. Y. 282.

There is no mistake of fact where the mistake results from neglect of legal duty to exercise care. *Purvines* v. *Harrison*, 151 Ill. 224; *Bonney* v. *Stoughton*, 122 id. 536.

Equity will not rescind a contract for a mistake which could have been prevented by the exercise of reasonable diligence and care. *Douglas* v. *Littler*, 88 Ill. 350; *Bonney* v. *Stoughton*, 122 id. 536; *Schwass* v. *Hershey*, 125 id. 653; *Grymes* v. *Sanders*, 93 U. S. 55; *Crilly* v. *Board of Education*, 54 Ill. App. 371.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants are in the lumber business at Collinsville, Illinois, and appellee is a building contractor at the same place. On June 10, 1905, appellee was about to erect a building for himself, and left at the office of appellants an itemized list of lumber, containing thirty-four items, on which he desired them to give him a price. Appellants' book-keeper set down upon that list, opposite each item, the selling price, but did not add up the column. If correctly added the col-

umn would have footed up $1867. One of the appellants made the addition and by mistake made the total $1446. The book-keeper copied the list on one of appellants' bill-heads without the prices opposite the different items, and wrote at the bottom, "Above for $1446," and delivered the paper to appellee the same evening. Appellee received bids for the lumber from two other firms, which were in the neighborhood of $1890. On June 16 appellee called at the office of appellants and accepted their offer. He did not bring the paper with him, but the book-keeper made another copy and at the bottom of it wrote the same memorandum, "Above for $1446." One of the appellants signed it, and a memorandum was then written below to the effect that if delivery was made within thirty days the appellants were to have $20 more than the estimate, but if delivery was made after thirty days appellee was to have a rebate of $20 from the estimate, and this was signed by both parties. The same evening one of the appellants, looking over the bill, found that he had not added the amounts correctly, and the next morning one of them notified appellee by telephone of the mistake and refused to furnish the lumber for less than $1867. Appellants also sent appellee a notice that they had found an error of $421, and the estimate should read $1867 instead of $1446. Appellants did not furnish the lumber, and appellee purchased it at the next lowest bid from another firm and sued appellants for the difference between what he paid for the lumber and what they had agreed to furnish it for. Appellants then filed a bill to enjoin the prosecution of the suit at law and to have the contract canceled on account of the mistake. The suits were consolidated and tried together without a jury. The circuit court entered a decree canceling the contract and restraining appellee from prosecuting his suit at law. The Appellate Court for the Fourth District reversed the decree and remanded the cause to the circuit court, with directions to dissolve the injunction and dismiss the bill for want of equity. Appellants applied to

the Appellate Court for a certificate of importance, which was granted, and this appeal was prosecuted.

The jurisdiction of equity to grant the remedy of cancellation because of a mistake of fact by one party to a contract is well recognized. Mutual consent is requisite to the creation of a contract, and if there is a mistake of fact by one of the parties going to the essence of the contract, no agreement is, in fact, made. (2 Kent's Com. 477.) If there is apparently a valid contract in writing, but by reason of a mistake of fact by one of the parties, not due to his negligence, the contract is different with respect to the subject matter or terms from what was intended, equity will give to such party a remedy by cancellation where the parties can be placed *in statu quo*. The ground for relief is, that by reason of the mistake there was no mutual assent to the terms of the contract. (24 Am. & Eng. Ency. of Law,—2d ed.—618.) The fact concerning which the mistake was made must be material to the transaction and affect its substance, and the mistake must not result from want of the care and diligence exercised by persons of reasonable prudence under the same circumstances. (*Bonney* v. *Stoughton,* 122 Ill. 536.) In this case the mistake was in the addition of the figures set down by the book-keeper. The price of each item was written correctly, but appellants claimed that one item of about $400 was placed somewhat to the right, and in adding the column the 4 was counted in the ten-column instead of the hundred-column. If that was done it does not account for the difference of $421. But if it did, it would only show a want of ordinary care and attention. If the figures were not exactly in line, the fact could hardly escape notice by a competent business man giving reasonable attention to what he was doing. There was no evidence tending to prove any special circumstances excusing the blunder.

The case of *Board of School Comrs.* v. *Bender,* 72 N. E. Rep. 154, (decided by the Appellate Court of Indiana, division No. 2,) relied on by appellants, differs from this in

various respects, one of which is that Bender was excusable for the mistake. His complaint alleged that he was misinformed by the architect that his bid must be in at or before four o'clock, when, in fact, he was allowed until eight o'clock; that in ignorance of the fact and for want of time he was hurried in submitting his bid and had no opportunity for verification of his estimate, and that under those circumstances he turned two leaves of his estimate book by mistake and omitted an estimate on a large part of the work. The case involved the question whether the bidder had forfeited a sum deposited as a guaranty that he would enter into a contract, and when notified that his bid was accepted, having discovered his mistake, he informed the architect and immediately gave notice that he would not enter into the contract. By the terms of the bid it was intended that if the bid was accepted a contract would be made, but the bid was not the contract contemplated by the parties and the bidder never did enter into the contract. The court concluded that the minds of the parties never, in fact, met, because the bidder fell into the error without his fault.

In the case of *Harron* v. *Foley*, 62 Wis. 584, there was no agreement, for the reason that the minds of the parties never met. The plaintiff claimed to have purchased of the defendant some cattle for $161.50, but the defendant intended to state the price at $261.50. When the defendant was informed that the plaintiff understood the price to be $161.50 he refused to deliver the cattle and tendered back $20 received on the purchase price. No agreement was, in fact, made, since the statement of the price by the seller was clearly a mistake.

A mistake which will justify relief in equity must affect the substance of the contract, and not a mere incident or the inducement for entering into it. The mistake of the appellants did not relate to the subject matter of the contract, its location, identity or amount, and there was neither belief in the existence of a fact which did not exist or ignorance

of any fact material to the contract which did exist. The contract was exactly what each party understood it to be and it expressed what was intended by each. If it can be set aside on account of the error in adding up the amounts representing the selling price, it could be set aside for a mistake in computing the percentage of profits which appellants intended to make, or on account of à mistake in the cost of the lumber to them, or any other miscalculation on their part. ·If equity would relieve on account of such a mistake there would be no stability in contracts, and we think the Appellate Court was right in concluding that the mistake was not of such character as to entitle appellants to the relief prayed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*