## City of Bloomington et al. v. R. O. Bromagin & Company.

CONTRACT—*when does not exist as between bidder for public work and municipality.* A contract does not exist between a contractor who has bid upon public work and a municipality to whom such bid was made where a mistake was made in the bid and notification after discovery given to the municipality before its acceptance of the bid.

Bill in chancery. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

BENJ. L. GOODHEART, City Attorney, for appellant; JOHN E. POLLOCK, of counsel.

STONE & OGLEVEE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

R. O. Bromagin & Company filed a bill in the Circuit Court of McLean county against the city of Bloomington and the board of local improvements of said

city to rescind a bid which Bromagin & Company had submitted, to furnish and lay a water main in said city, which bid had been accepted by it and upon which acceptance it was claimed appellee should enter into a contract to do the work specified or forfeit a deposit of $2,800, which accompanied the bid. There was a decree in favor of Bromagin & Company from which the city and said board of local improvements have appealed.

The bill set out in substance that in response to an advertisement by the city for bids to furnish and lay water mains, etc., the appellees submitted a bid of $25,567.02 for the whole work and accompanied with a certified check of $2,800, which should be forfeited to the city in the event the contract was awarded to appellees and they failed to carry out the contract; that said bid was submitted upon a mistaken basis by appellees; that in transcribing the bid Bromagin inserted therein the weight per foot instead of the price per foot as he should have done; that while he was preparing the bid he had before him a paper upon which the weight per foot of the pipe to be used was set down in the column immediately to the left of the column in which the price per foot appeared and that he, by mistake, inserted such weight per foot, so that instead of bidding $2.45 per foot for price of pipe, he only bid $1.583 per foot making a difference of nearly $4,900 upon the entire work.

It is further alleged in the bill that said mistake was noticed by said board of local improvements when its members opened and read said bid in connection with other bids and commented on by the members of said board, although no notice thereof was brought to the attention of appellees before such bid was accepted; that within five hours after said bid had been accepted and before said city had done anything to alter its condition in the premises appellees notified said board of local improvements of such mistake and sought to correct the same or rescind the bid and offered to pay the

necessary expenses that would be caused by a reletting of the contract.

The prayer of the bill was that the bid might be corrected so as to carry out the intention of the bidders, or that the bid be rescinded, and the city enjoined from enforcing a forfeiture of the certified check.

Answer was filed by appellants denying substantially all the material averments in the bill and upon the issue so closed the cause was referred to the master in chancery who took the evidence and reported the same with his findings to the court.

The master in his report found that appellees, by mistake, inserted the weight per foot instead of the price per foot in the column set apart for the price and that such mistake was not seriously disputed by appellants; that appellees were not guilty of negligence before such bid was accepted and that such discrepancy in figures in relation to the contract or price of the pipe was noticed by the city engineer, who was a member of the board of local improvements, and commented on by him several days before the contract was awarded to appellees and yet appellees' attention was not specifically called to the discrepancy; that appellees' bid was accepted on August 10, 1906, about three o'clock P. M., and that before eight o'clock P. M. of the same day appellees discovered their mistake and immediately so notified the attorney for said city; that at the time of the awarding of the contract by the board of local improvements to appellees said board had in its possession four other bids for such work accompanied by certified checks. Said master further found that appellants were not entitled to any damage against appellees and that appellees were entitled to the relief sought.

Objections and exceptions to the master's report and findings were overruled by the court and a decree rendered in favor of appellees as prayed for in their bill.

Appellants contend that there was no sufficient evi-

dence to establish the mistake alleged to have been made by appellees, but a careful inspection of the record satisfies us that there was ample evidence to sustain the findings of the master and the court upon that feature of the case.

Appellants next contend that even if there was a mistake made by appellees as claimed by them they were in no position to invoke the aid of a court of equity and cite the case of Steinmeyer v. Schroeppel, 226 Ill. 9, in support of their contention. That case is clearly distinguishable, however, from the one at bar in at least two respects.

In the Schroeppel case the court held that in order to set aside a contract for mistake made, the mistake must not result from want of the care and diligence exercised by persons of reasonable prudence under the same circumstances and say that there was no evidence in the case tending to prove any special circumstances excusing the blunder.

In the case at bar we think the trial court was warranted by the evidence in finding that there was no want of care or diligence imputable to Bromagin in committing the mistake made, and that the evidence tended strongly to excuse appellees in making the mistake. The time in which they had to prepare the bid was very short before it had to be submitted to the city board and was not sufficient to allow or permit a careful review thereof. Appellee, Bromagin, who prepared the bid, was not familiar with the kind of work which he then undertook. He was a day laborer and not a contractor, and at that time his other engagement and duties were of a character which tended to distract his attention from the work of preparing the bid.

Furthermore, we are satisfied from a reading of the record that the master in chancery and the trial court were both warranted in finding that the agents of the city well knew when they accepted the bid of appellees that the same had been submitted on a mistaken basis.

Both R. O. Bromagin and H. S. Slade testified that Folsom, who was city engineer and a member of the board of local improvements at the time, said as soon as he saw the bid, or heard it read, that he was satisfied there was something wrong with the item of pipe, *i. e.,* that there was a mistake in the price named. Folsom, himself, testified that he called the attention of the board of local improvements to the low price of the pipe and thinks he did so before the bid of appellees was accepted, but seeks to excuse his action in not notifying appellees by assuming that they wanted to scale down their bid by lowering the price of a large item, and making the loss good by increasing the price or cost of some other item, which he says is often done.

This explanation upon the part of Folsom, however, is very far from satisfactory in view of the fact that the difference on the main item involved was so great as to leave a difference between appellees' bid and that next above it of nearly $4,000, while no claim is now made that any other item was increased in the bid over its actual worth.

Under the showing made by the appellees as found by the master in chancery and the trial court, which the evidence fully sustains, there was an undoubted mistake in appellees' bid; there was a prompt declaration of such mistake made as soon as it was discovered by appellees, and appellants had full knowledge of the mistake before they accepted the bid. Under such circumstances no contract ever existed between the parties and appellees were entitled to the relief sought. Moffett, Hodgkins & Co. v. Rochester, 178 U. S. 373; Board of School Commissioners v. Bender, 72 N. E. Rep. 154.

The decree of the trial court was right and is affirmed.

*Affirmed.*