THE AETNA CASUALTY & SURETY COMPANY, *Appellant*, v. L. D. BRECKENRIDGE, FRANK JAMES, JR., and W. R. WATTS, *Appellees*.

Division A.

Opinion filed March 19, 1929.

*Huber, Clements & Blackwell,* for Appellant;

*Stuart MacKenzie,* for Appellees.

ELLIS, J.—This is an appeal from an order overruling a demurrer to a bill to reform a surety bond and for damages resulting from a breach of a building contract for the performance of which the appellant became surety by its bond.

The suit was begun by the appelleees Breckenridge, James, Jr., and Watts against T. C. Richardson, the contractor, and the appellant Aetna Casualty & Surety Company. The substance of the bill is that the complainants and Richardson entered into a contract on the 6th of February, 1926, in which Richardson agreed to build a house for the complainants. The contract is made a part of the bill by reference to a copy. It is alleged that the terms of the contract were agreed upon between the parties on January 22, 1926, at which time Richardson agreed to procure a bond for the faithful performance of the contract, which it is alleged should be condition precedent to the execution of the contract; that the bond was procured with the Surety Company as surety but its execution was delayed until February 6, 1926. A copy of the bond is attached to and made a part of the bill. It is alleged that Richardson began the work of constructing the house but abandoned his contract on March 13, 1926, before the house was completed. The complainants had paid him $6,446.90 on account. The complainants notified the Surety Company three days later, receipt of which notice was acknowledged by the Company.

It is alleged that since the default of Richardson liens have been filed on the property in behalf of materialmen to the amount of about $2,128.00 and there are other bills for material and labor amounting to about $1,500.00 and the complainants are unable to proceed with the construction of the building.

It is averred that as an ''approximate'' cause of Richard-

son's default the complainants have been damaged about $12,000.00 in that they will be required to pay the ''liens'' and ''other expenses incurred'' by Richardson which will amount to about $4,500.00 and they will be required to expend about $7,500.00 in addition thereto to complete the building.

In passing it may be observed that the above allegation is somewhat ambiguous. It is difficult to understand how the complainants' necessities could cause approximately or remotely the default of Richardson who seems to have had no difficulty in obtaining money from the complainants. It is alleged that the bond should have been dated January 22, 1926, instead of February 6, 1926, and that it was by a mutual mistake that it bore the latter date.

The bond clearly identifies the contract. It is in the penal sum of $12,000.00 and conditioned upon indemnification of the obligees against any loss directly arising by reason of the failure of Richardson to faithfully perform his contract. It contains the usual conditions precedent to the obligees' right to recover under it, however.

There is no equity in the bill. The complainants' remedy, if they have any, is at law. The reformation of the bond in the matter of the date of the contract referred to in it is wholly immaterial and of no importance as the bond clearly identifies all the parties interested and the contract involved. The bond and contract bear the same date although the bond refers to the contract as of the date January 22nd and the bill alleges that a contract of that date between the parties was supplied to the Surety Company so that the date of the contract as referred to in the bond seems not to have been a mistake at all. The bond is clearly a bond of indemnity against any loss the obligees might sustain under the contract which the bond identifies by

reference to the parties and subject matter and makes it a part of the instrument.

The bond if reformed in the particular mentioned would have the same effect that it has in its present form. See Evans v. Summerlin, 19 Fla. 858; Steinmeyer v. Schroeppel, 226 Ill. 9, 80 N. E. 564, 10 L. R. A. (N. S.) 114; Fahie v. Pressey, 2 Ore. 23, 80 Am. Dec. 401;

It does not appear that the alleged mistake works an injury to complainants nor that it goes to the essence of the contract. May v. May, 7 Fla. 207; Stephens v. Orman, 10 Fla. 9.

The bond expresses the agreement as it was understood and designed to be made. The mere fact that it was to have been given before the contract was made is of no importance as it indemnified the obligees from damage under the contract actually made. See Jacobs v. Parodi, 50 Fla. 541, 39 So. R. 833.

The right to a reformation of the instrument depends upon an equitable showing. See Tatum v. City Building & Loan Ass'n., 76 Fla. 258, 79 So. R. 839.

The bill contains no other ground which may be treated as the basis for equitable relief. The remedy, if any exists at all in favor of the obligees in the bond, is at law.

The demurrer should have been sustained. It was error to overrule it. The order is reversed with directions to dismiss the bill.

TERRELL, C. J. AND BROWN, J., concur.

WHITFIELD, P. J. AND BUFORD, J., concur in the opinion and judgment.

STRUM, J., absent on account of illness.