(No. 74-548—

ROSSI CONTRACTORS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 11, 1975.*

DENT, HAMPTON & McNEELA, by EDWARD McNEELA, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

BURKS, J.

This claim is brought pursuant to §8(b) of the Court of Claims Act for rescission of a contract bid and for a refund of a bid deposit which accompanied Claimant's bid for a contract to do certain construction work for the Respondent. The amount claimed is $150,000.00

From a stipulation of facts, the testimony, and other evidence in the record, we restate the undisputed facts as follows:

On August 10, 1973, the Claimant submitted its bid to the Respondent for "Phase 1 Construction of the Busse Woods Reservoir" (Contract #FR-234) in the amount of $2,979,145. With its bid, Claimant submitted a certified check in the amount of $200,000 as a proposal

guarantee, as prescribed by the Respondent for bid proposals falling within a range of three to five million dollars. Claimant had intended its bid to be in the sum of $3,455,145. The lower amount actually bid in error ($2,979,145) would have required a lower bid deposit of $150,000.

The Claimant's schedule of unit prices in the proposal had been completed at its home office in Chicago on August 9th, except for Item 4, "Earth Excavation," which was completed on August 10th in Springfield after a phone conversation between one of Claimant's partners, Angelo Rossi, and the Claimant's main office. This was evidenced by examining the original proposal and noticing that Item 4 is written in a different color of ink than the remainder of the proposal. The Claimant's main office had relayed a unit cost of $1.28 per cubic yard, but the message was misunderstood and a unit price of $1.08 per cubic yard was erroneously entered in the Claimant's proposal a short time before the deadline for submitting bids. By reason of said mistake, the Claimant's proposal was $476,000 lower than intended. (Respondent's engineer had actually estimated the cost of earth removal at $1.75 per cubic yard.)

Immediately upon discovery of the mistake, on the evening of the same day, and prior to acceptance of the Claimant's bid by the Respondent, the Claimant sent a telegram to the Respondent informing the Respondent of the facts set forth above and requesting that the Claimant's bid be revised accordingly or that its bid be withdrawn. Some 28 days later, on September 7, 1973, the Respondent advised the Claimant by letter that the construction contract had been awarded to the Claimant for the sum of $2,979,145.00

Claimant's bid was approximately $175,000 lower than Respondent's stated appropriation for this work,

was $820,865 below the estimate of Respondent engineer for the same work, and was approximately $800,000 below the next lowest bidder.

We find that Claimant's bid was so disproportionate to Respondent's own estimate and the other bids, that Respondent should have known that Claimant's bid was the result of a mistake, as Claimant had stated in its immediate and timely notice to the Respondent.

A further fact that gave notice of the error to the Respondent was the $200,000 Claimant tendered as a bid deposit guarantee of three million dollars, rather than tendering a check for $150,000, the amount requested by the Respondent for bids in the two to three million dollar range. Respondent has returned $50,000 to the Claimant, the excess in Claimant's proposal deposit guarantee tendered, and the Respondent has re-let the construction contract to another contractor.

Finally, we take notice that the Department of Transportation has withdrawn its opposition to this claim in a letter dated April 3, 1975, from Langhorne Bond, Secretary of the Department, to Attorney General Scott which reads as follows:

After having reviewed the claim of Rossi Contractors, presently pending in the Illinois Court of Claims, for return of a $150,000 proposal guaranty, I have come to the conclusion that the contentions of the principals of Rossi Contractors, its Chief Engineer and documentary evidence produced in recent discovery proceedings corroborating those contentions no longer warrants continuation of the Department of Transportation's opposition to this claim.

The contractor in this case has established that its $2.9 million bid, opened on August 10, 1973, was inadvertently computed without inclusion of profit and overhead, resulting in a substantial underbid.

I am, therefore, directing you to stipulate on behalf of the Department of Transportation to the fact that a mistake exists in the computation of the August 10, 1973, bid in order to avoid the additional delay and expense on both sides of a full evidenciary hearing, which is unwarranted by the facts underlying this claim.

This Court ruled in favor of the Claimant in a similar case, *Consolidated Engineering Division, et al. v.*

136

*State, No. 5487 filed April 27, 1971* in which we also
cautioned:

> The Court is mindful of the fact that public officials should exercise
> extreme care and caution to avoid abuses of the competitive bidding processes
> which have come to light in the past. An example would be a case in which a
> low bidder, after being awarded a contract, discovers that he has made a
> mistake in his bid and is allowed to raise his price so long as it does not
> exceed the amount of the next lowest bid. Such a practice would be manifestly
> unfair to all other bonafide bidders and would open the door to collusion,
> favoritism and fraud.

Such is not the situation in the case before us. Nor
do we find sufficient evidence in the record to support a
conclusion that Claimant's mistake was the result of
negligence. The exercise of due care by a bidder is a
condition required for rescission as was held in *Stein-
meyer v. Schroeppel, 226 Ill. 9, 80 N.E. 564.* The case at
bar can be contrasted with *Steinmeyer* as the Supreme
Court did in *Bromagin v. City of Bloomington, 234 Ill.
114, 120:*

> The appellants place great reliance upon *Steinmeyer v. Schroeppel, 226
> Ill. 9.* This case is distinguished from that in two respects: First, here there
> seems to have been some reasonable excuse for the error made in calculating
> the bid; there was no such excuse in the *Steinmeyer* case. Second, here the
> party to whom the bid was made knew of the mistake at the time the bid was
> accepted.

These two older opinions were discussed in a very
recent opinion which we find almost identical to the case
at bar, *Santucci Construction Co. v. County of Cook, 21
Ill.App.3d 527.*

In rescinding the bid and awarding a refund of the
bid deposit in *Santucci,* the Court restated the four
requirements which must be met for a recission of a
contract bid for mistake which were announced and
discussed in *People ex rel. Department of Public Works
and Buildings v. South East National Bank of Chicago,
et al., 131 Ill.App.2d 238, 240:*

> ■ That the mistake must relate to a material
> feature of the contract;

■ That it is of such grave consequence that enforcement of the contract would be unconscionable;

■ That it occurred notwithstanding the exercise of reasonable care; and

■ That the other party can be placed in status quo.

We find that all four of the above conditions are met by the Claimant in the case at bar. The bidder's mistake was an understandable human error, and Claimant did everything reasonably possible to correct the error or have its bid withdrawn immediately. Respondent had reason to know that the bid was a grave error even without Claimant's immediate notice and was not seriously prejudiced by Claimant's withdrawal of its bid. To enforce the bid proposal guarantee against the Claimant would be unconscionable under these circumstances and would result in the Respondent being unjustly enriched in the amount of $150,000.

It is hereby ordered that Claimant's bid on the aforesaid contract be and the same is hereby rescinded, and that its bid deposit be returned.

Claimant is hereby awarded the sum of One Hundred Fifty Thousand Dollars ($150,000.00) as a refund of its bid deposit now retained by the Respondent.