# CHARLESTON. · ·

Rodgers v. Bailey.

Submitted March 25, 1909.   Decided November 15, 1910.  .

1. Intoxicating Liquors—*Action for Civil Damages.*
   In an action by a wife seeking damages for loss to her means of support from the unlawful sale of intoxicating liquors to her husband, evidence as to the number and age of her children is irrelevant and not properly admissible.  .

2. Appeal and Error—*Irrelevant Evidence—Prejudicial Error.*
   The admission of irrelevant testimony, likely to enhance damages, is reversible error unless it plainly appears that the verdict is not in excess of the damages proved.

3. Damages—*Compensatory Damages—Evidence.*
   In proving compensatory damages, the standard or measure by which the amount may be ascertained must be fixed with reasonable certainty, otherwise a verdict is not supported and must be set aside.

4. New Trial—*Excessive Damages—Remittitur.*
   A verdict in excess of damages proved should be set aside, upon motion, except when the evidence affords a definite basis for a *remittitur* and the same is entered.

· Error to Circuit Court, Fayette County.

Action by M. E. Rodgers against A. P. Bailey.  Judgment for plaintiff, and defendant brings error.

*Reversed.*

*Dillon & Nuckolls* and. *Walker & Summerfield,* for plaintiff in error.  ·

*Charles E. Hogg* and *Osenton & McPeak,* for defendant in error.  .

Robinson, President : .

· A judgment for eight hundred dollars, as damages to plaintiff's means of support from the unlawful sale of intoxicating liquors by the defendant to plaintiff's husband, is sought to be reversed by this writ of error.

Thorough examination of the record leads us to observe that error to the prejudice of the defendant was committed at the

trial in two particulars. Irrelevant testimony was admitted which may have improperly enhanced the damages awarded. A judgment 'was entered upon a verdict, though reduced by the court, for an amount not supported or justified by the evidence in relation to the extent of the damages suffered. This written opinion need be devoted only to these particulars. No error is perceived in other relations of the case.

The plaintiff was permitted to prove that she had been married but nine years and was the mother of three children. Thus the dependent age of the children was shown. The admission of this evidence was prejudicial error. A clear statement from a standard authority is in point here: "In an action by a wife to recover damages by the sale of liquor to her. husband, evidence as to the number, age, and sex of her children is not admissible; for since the plaintiff can recover only for her own proper loss or damage, and the statute gives a separate right of action to each of the children, such testimony could have no relevancy and might improperly enhance the damages awarded." Black on Intoxicating Liquors, section 327. In a more recent work it is said:. "The question as to whether evidence is admissible as to the age, sex and number of the children of the plaintiff who has brought suit under the statute for injury to her means of support has been frequently passed upon. The prevailing rule seems to be that such evidence is wholly immaterial and its admission reversible error, for the reason that the statute gives each child a right of action and the wife's right to recover is based on the loss of means for her support, and not for the support of her children." Woollen and Thornton on Intoxicating Liquors, section 1063. The decisions generally are in accord with these texts. 23 Cyc. 324. The principle is the same as that recognized in ordinary damage cases. *Moore* v. *Huntington,* 31 W. Va. 842; *Sesler* v. *Coal Co.,* 51 W. Va. 318. The admission of irrelevant testimony, likely to enhance damages, is reversible error unless it plainly appears that the verdict is not in excess of the actual damages proved. "Jury trials should be strictly confined to the issues made and to the legitimate facts bearing upon them, and the practice of dragging in extraneous matters to influence the jury cannot be too strongly condemned." *O'Hagan* v. *Dillon,* 76 N. Y. 170.

The only testimony in relation to actual damages to means of support is that given by the plaintiff herself. There is testimony in relation to the earning capacity of the husband when not addicted to drink, but this does not directly measure the damage to the wife's means of support. How much of that which the husband could earn did the wife lose? To what part of it was she individually entitled by way of means of support? The evidence does not clearly show. The amount has not been established with reasonable certainty. Actual damages to the plaintiff's means of support must be proved. An amount cannot be inferred. "In 'civil damage cases,' as in ordinary damage cases, the evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved." *Carpenter* v. *Hyman,* 67 W. Va. 4 (66 S. E. Rep. 1078). Now, plaintiff was examined as to the amount necessary to support herself and family. She stated that twenty-five dollars per month was sufficient for that purpose. Later a question was asked her which may be construed to indicate that it was desired that she separate the amount necessary to support herself from that necessary to support the other members of the family. But the question and her answer thereto, particularly when taken with what preceded them in the examination, make it exceedingly doubtful as to whether she is speaking of herself alone or of herself and family. She stated $6.00 of $7.00 per week. This estimate is practically the same as that which she stated was necessary for the support of herself and family. So it would seem that she included the support of others in the estimate. At any rate the evidence is not certain in establishing an amount as being necessary for her support alone. The standard of damages is left uncertain. If plaintiff meant to include the support of the whole family in the estimate fixed by her, it afforded no basis for an ascertainment of what she individually lost.

But, if we assume that the testimony of the plaintiff refers only to her individual support, then the amount of compensation found in her favor cannot be justified by the standard of damages so fixed. Nor can the amount to which the court voluntarily reduced the verdict in this particular be justified by proof that plaintiff individually suffered as much as seven

dollars per week loss to her means of support. By interrogatories properly submitted to the jury it was returned that they found $600 as compensatory damages and $400 as exemplary damages. Upon motion to set aside the verdict, the court, without a *remittitur,* reduced the compensatory amount to $400 and entered judgment for a total of $800. The court could not reduce the finding of the jury, without a *remittitur.* It could set aside the verdict for excessive damages if a *remittitur* was not entered. But the amount to which the court reduced the finding as to compensatory damages is still in excess of seven dollars per week for the plaintiff's sole support, even if she meant to fix that standard. There is not a line of evidence that the injury continued longer than a period from July 6, 1906, to April 20, 1907—nine and one-half months. For such period, seven dollars per week, the highest amount of loss proved, falls far short of $400. Besides, the plaintiff says her husband contributed to her during that period as much as five dollars per month. When this contribution is credited to the loss, a still smaller amount exists.

Because of the admission of the improper testimony to which we have referred, the uncertain and indefinite measure relied on for the fixing of actual damages, and the plain excessiveness of the verdict in relation to compensatory damages in any view of the evidence, we are of opinion to reverse the judgment, set aside the verdict, and award a new trial.

*Reversed.*