# CHARLESTON.

## W. O. NEWMAN v. ROBSON & PRICHARD.

Submitted September 14, 1920. Decided September 21, 1920.

1. LANDLORD AND TENANT—*Officer Unlawfully Executing Distress Warrant Liable for Injury to Tenant.*

   A proceeding by distress for rent pursuant to chapter 93 of the Code is judicial in character, and the rights of the tenant are fully protected thereby; and if the officer in whose hands a writ of distress is placed by a landlord for execution makes an excessive levy or does other injury to the tenant, he and not the landlord is liable in damages therefor, unless the landlord participated in the unlawful and unwarranted acts and conduct of the officer, or afterward in same way ratified the same. (p. 683).

2. SAME—*Damage for Excessive Distress is Actual Loss Sustained; Where Distress is Wanton and Malicious, Punitive Damages Justified.*

   In an action for damages for an excessive levy of such writ of distress against the landlord or officers executing the writ, the measure of damages is the actual loss sustained, unless the conduct of the landlord or officers was wanton and malicious and done for the purpose of injuring the tenant, justifying vindictive or punitive damages. (p. 683).

3. DAMAGES—*Without Evidence as to Actual Loss Jury Cannot Find Damages; Punitive Damages Must Bear Relation to Actual Damages.*

   To justify recovery of any damages some data from which the actual loss sustained can be determined must be submitted

to the jury, else the jury will not be warranted in finding such damages in favor of the plaintiff, and when punitive damages are recoverable they must bear some reasonable relation or proportion to the actual damages sustained. (p. 683).

4.  LANDLORD AND TENANT—*Defendant, Sued for Excessive Distress, May Show a Compromise and Settlement Under the General Issue.*

In an action on the case for damages for excessive levy of such writ, defendant without special plea is entitled to introduce under the general issue of not guilty evidence by way of accord and satisfaction of a contract in writing showing that after the acts complained of all matters in difference had been fully settled and compromised between the parties. (p. 685).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Cabell County.

Action of trespass on the case by W. O. Newman against Robson & Prichard. Judgment for plaintiff, and defendants bring error.

*Reversed, and remanded.*

*Livezey & Irons* and *S. S. McNeer,* for plaintiffs in error.
*J. H. Strickling,* for defendant in error.

MILLER, JUDGE:

This is an action of trespass on the case by plaintiff against defendants, his lessors, for wrongfully and maliciously suing out two several distress warrants and causing plaintiff's place of business to be entered and closed up, thereby excluding him therefrom, and for causing an excessive levy to be made upon his stock of goods and store fixtures.

The declaration alleges that the rent for which the first of said writs was sued out amounted to only $95.00, but it is not alleged for what amount the second writ was issued. It is further averred that the goods and fixtures so seized and levied upon were worth about the sum of $2,400.00.

The evidence shows that these warrants of distress were placed in the hands of a constable; and the defendants contend that they had no part in making or directing the levy, and in fact did not know what amount of goods were taken by the officer. The evidence of plaintiff does not show clearly that defendants

personally, or any of their agents or attorneys, gave any directions to the officer as to what goods should be seized or taken. The officer swears that he was given no direction by them; that he levied on all the goods because he thought it would be necessary to do so to insure collection of the amount of the rent for which distraint was made. Plaintiff's contention is that the officer was the agent of defendants, and as such they became liable for his unwarranted and unlawful acts in the premises, in the same way and to the same extent as they would have been at the common law, which permitted a landlord to make his own distress. 16 R. C. L. 1027, sec. 549; *Wickham* v. *Richmond Spike Co.*, 107 Va. 44, 49, and authorities cited. Now the statute, chapter 93 of the Code, governs the suing out and levy of warrants of distress for rent. Section 10 thereof. provides how the warrant may be sued out on affidavit and levied by the sheriff or a constable; and section 14 gives right of action to the aggrieved for any special damages sustained due to any irregularity or unlawful act of the party distraining or his agent, after distress shall have been so made. Since this statute was enacted first in Virginia, then here, the courts in Virginia have held that the proceeding by distress is judicial in character, and that the rights of the tenant are fully protected by statute. If the officer uninfluenced and of his own motion makes an excessive levy of such warrant, he and not the landlord is liable therefor, unless he afterwards ratifies or affirms the unlawful act. In issuing a writ of execution and placing it in the hands of an officer the court is presumed to intend that no action shall be taken by the officer not authorized by the terms of the writ. 2 Freeman on Executions, sec. 273. And now, since the writ of distress is one of the same character, the like rule should be applied in the suing out, levy and execution thereof. Of course this presumption which the law indulges may be rebutted, and if the landlord in suing out the writ becomes a party to the unlawful or irregular acts of the officer, he may be made liable to his tenant for the damages resulting therefrom. *Manchester Home Building & Loan Association* v. *Porter,* 106 Va. 528, 536, 56 S. E. 337, 340, and decisions cited. The evidence that the defendants had anything to do with the acts of the officer in making the excessive levy in this case is very slight. It is not

denied but admitted that the amount of the rent for which the writs were sued out was due, unless it be the last for rent accruing while the officer was in charge of the property. However, the record shows that plaintiff was not wholly excluded from the premises. He had a key, and before the second writ was issued the officer gave him one of the keys turned over to him by the plaintiff at the time of the first levy.

, The verdict and judgment was for $800.00, and the defendants contend that it is excessive, and that there was no evidence introduced giving any data on which the verdict and judgment can be justified. That the levy was excessive there can be no question. But what were the special damages sustained by plaintiff? He swears that his business was worth as much as $2,400.00, by which he evidently meant that the goods and fixtures he had on hand were worth that much. He does say that his sales on Saturdays sometimes amounted to as much as $500.00, but on other days they ran as low as $40.00 to $50.00 per day; but he nowhere says that he made any profits out of such sales, nor what those profits amounted to. For aught that appears he may have been losing money every day, and that the more business he did, the more his losses were. The evidence shows that before the trial he had destroyed the slips showing his daily sales, and he had no books or papers showing the extent of his business, or the amount of his profits, if any. His counsel, in argument here, would justify the finding of the jury on the evidence of the plaintiff as to what his business was worth, and the contention that his business was wholly destroyed, and on his claim for punitive damages, and the refusal of the court below to permit evidence of what damages plaintiff sustained between the date of seizure and the date possession of his place of business was surrendered. But what were his damages? Who says what they amounted to? No one gives data upon which the jury could ascertain the damages. The jury were not allowed to surmise or guess at the amount. Compensatory damages must be fixed with reasonable certainty. Otherwise the verdict can not be allowed to stand. *Rodgers* v. *Bailey,* 68 W. Va. 186; *Douglas* v. *Ohio River Railroad Company,* 51 W. Va. 523. No sufficient data for compensatory damages having been supplied by plaintiff's evidence, the ver-

dict can not be supported on the theory of punitive damages. Punitive damages are only allowed where malice and an intention to do injury to the aggrieved is shown. Murfree on Sheriffs, sec. 976. This is the rule as applied to officers. And the same rule should apply in other cases. *Fishburne* v. *Engledove,* 91 Va. 548, 558. Moreover, punitive damages are proper only where compensatory damages are allowable, and they must bear some reasonable proportion to the actual damages sustained. *Pennington* v. *Gillaspie,* 66 W. Va. 643, 659.

Another point of error assigned in the petition is that the court below disallowed proper evidence of defendant. We find that plaintiff admitted on the witness stand that there was an agreement in writing between him and defendants, made after the alleged wrongful and excessive levies and sale, of the property, settling all matters in difference between the parties, which defendants offered to introduce in evidence. Why this agreement was not admitted, we are unable to understand. It occurred to us it might have been rejected because there was no special plea of accord and satisfaction by defendants. But we find that in actions of this character this defense is admissible under the general issue of not guilty. 1 Chitty on Pleading, (11th Am. Ed.) 490; *Ridgeley* v. *West Fairmont,* 46 W. Va. 445.

For these reasons we reverse the judgment and award defendants a new trial.                                *Reversed and remanded.*