## CHARLESTON.

### E. M. TINGLER v. FRANK LAHTI.

Submitted January 18, 1921.   Decided January 25, 1921.

1.  DAMAGES—*Evidence Held Insufficient to Sustain a Verdict for Damages to Plaintiff's Automobile.*

    Where, in an action to recover for injury to an automobile, occasioned by the alleged negligence of defendant, proof of the amount of damage is vague, indefinite and speculative, consisting of general, rather than of itemized, estimates of the cost of repairs necessary to restore the car to its original condition, and based upon a hasty and insufficient examination of the machine, a verdict founded upon such evidence ought to be set aside and the case remanded for a new trial. (p. 502).

2.  JUSTICES OF THE PEACE—*Recital in Summons Held Sufficient As Statement of Cause of Action.*

    Where the summons, in a case originating before a justice of the peace, contains, in addition to the statutory language, a more particular description of the nature of the wrong for which plaintiff seeks recovery, namely, "damages to his automobile," such recital is a statement of the cause of action, and has some of the elements of the informal pleading required by section 50, chapter 50, Code 1918. (p. 503).

3.  APPEAL AND ERROR—*Informal Statement in Justice's Court Held Not Reversible Error, No Bill of Particulars Being Demanded in Circuit Court.*

    And if the parties proceed to trial without other formal pleading, either oral or written, and plaintiff obtains a verdict and judgment both in the justice's court and on appeal in the circuit court, and defendant, though noting upon the trial therein the absence of such a complaint, yet does not de-

mand or insist upon it or upon the filing of a bill of particulars, despite plaintiff's offer to file either the complaint or a bill of particulars, but without further objection allows the trial to proceed to judgment, such failure to conform to the requirements of section 50, chapter 50, Code, considered in the light of the informalities allowable in proceedings originating before justices, does not constitute reversible error. (p. 503).

Error to Circuit Court, Hancock County.

Action by E. M. Tingler against Frank Lahti.    Judgment against defendant before a justice of the peace was affirmed on appeal to the circuit court, and defendant brings error.

    *Reversed and remanded.*

*J. B. Levy* and *J. A. McKenzie,* for plaintiff in error.
*Oliver S. Marshall,* for defendant in error.

LYNCH, JUDGE:

Plaintiff in error, defendant below, by this writ challenges the regularity of the proceedings terminating in the judgment rendered against him in the circuit court upon his appeal from a like judgment of a justice before whom the action was brought. The irregularities urged are: (1) Lack of the usual, though informal, pleadings, oral or written, either before the justice or in the circuit court; (2) the speculative nature of the testimony of the witness Decker with regard to the extent of the injury sued for; (3) failure of the court to direct a verdict for the defendant; (4) refusal to grant defendant's motion for a new trial; (5) for other errors appearing upon the face of the record.

The cause of action is an injury to plaintiff's automobile, occasioned, plaintiff avers, by the negligent operation of defendant's automobile, whereby the two vehicles collided on or near a public highway over and along which they were proceeding in the same direction.    Plaintiff passed defendant on the road and later turned to the left to drive into or toward a small farm owned by him.    In fact, he says, he had driven out of the traveled part of the road when the collision occurred.    That his automobile was not then in the highway seems certain and definite and not denied.    But defendant explains the collision in this manner, and in this he is supported by two other wit-

nesses. He, in company with two other men who were riding in his car, was preparing to pass plaintiff's machine and had signaled several times with the horn to warn him of their approach. Plaintiff drew off to the right of the road, for the purpose, as it afterwards developed, of making the turn to the left in order to enter his farm, but as defendant thought, to give him adequate room to pass. Defendant claims plaintiff gave no signal or warning of his intention to turn to the left and cross the road, but in this plaintiff contradicts him. However that may be, plaintiff made the turn at the moment defendant was attempting to pass his car from behind, and the latter, probably in an effort to avoid the impending collision, also swerved to the left, by reason of which the collision did not occur until both cars were off the main road. For the resulting damage done to his machine, plaintiff recovered a judgment of $300 in the justice's court, and likewise on appeal in the circuit court.

Without considering the question of defendant's negligence as proximate cause of the injury, the main ground assigned for reversal is the insufficiency of the proof to warrant the damages found by the jury. It is admitted by plaintiff that fifteen minutes after the accident he proceeded on his way in the car under its own power. There is no doubt, however, that the left front fender and running board of the machine were crushed, and that several ribs of the top were broken and the top itself torn in several places, in addition to certain other injuries alleged to have been done to the engine, wheels and various metal portions of the frame. The plaintiff testifying in his own behalf, said that the only repairs he had had made, since the injury to his car three months prior to the date of the trial, were "one wheel 'filled' and the engine gone over some, but I didn't get no pull out of my engine since I had it hit." And at that time he was still using the original fender, top and running board. Neither he nor any other witness testified to the cost of the repairs already made. In speaking of the replacements and other necessary work yet to be done, plaintiff estimated the cost of a new top at $50 to $75, a new fender at $12, and new running board at $3 or $4. As a general estimate he said the replacements alone "would run between

$150 and $200," in addition to labor necessary to put the car in as good condition as it was in before the accident. This is the substance of plaintiff's testimony in so far as it relates to the damage done to his car. Taking his estimate of the cost of the various parts which he claims need to be replaced, the aggregate is less than $100, as compared with his general estimate of $200 and the verdict of $300 found by the jury.

The only other testimony relating to the extent of the damage to plaintiff's car is that given by the witness Decker, a garage owner of three years' experience in "keeping cars in shape and looking after them." He estimates that the cost of restoring the machine to its original condition would not "run much less than $275 or $300." He admits, however, that he had "just taken a slight glance over it to see that there was some damage done on the machine," but did not examine it closely or thoroughly, and that it "would be pretty hard to say just what it would cost to put that car in the same condition where it had been before." He did not examine the engine, and, not having ridden in the car before it was struck, could not say whether the engine ran as well as it did, though he was sure that it did not run as well as his own car of the same make. His estimate of the damage was based solely on ''the way the machine looks on the side that is knocked out of line," and on cross-examination, in response to the question, "But you wouldn't pretend to say how much it is damaged, or the amount of the damage," answered, "No."

Clearly neither the testimony of plaintiff nor that of Decker is sufficient to support the jury's verdict of $300. The evidence as to the damage caused by the collision is too indefinite and speculative. That part of the plaintiff's testimony which is certain and specific in amount aggregates less than $100. The witness Decker does not attempt to itemize his estimate, but merely gives a gross sum, coupled with the admission that he had not made a close examination of the car and could not pretend to give the amount or extent of the damage. There exists ample means to render certain and definite the amount of damage done to a machine as the result of a collision. Plaintiff may delay his suit until he has employed a competent mechanic to make the repairs necessary to restore the car to as

good condition as it was in immediately before the accident. Or if he does not desire to delay, he doubtless may obtain a competent person to furnish in advance an itemized estimate of the cost of making such necessary repairs. A mere estimate in gross, based upon a hasty examination, will not suffice.

It is also contended by defendant that the failure of plaintiff to file any complaint or other pleading, either oral or written, before the justice who first heard the case or before the circuit court on appeal, of itself constitutes reversible error. Undoubtedly, section 50, ch. 50, Code, contemplates some pleading before a justice, either oral or written, sufficient to disclose to the defendant the nature of the cause of action asserted against him, in order that he may prepare his defense properly. The summons issued by the justice before whom the case originated commands him to appear "to answer the complaint of E. M. Tingler in a civil action for the recovery of money due on contract for a wrong, damages to his automobile, in which plaintiff will claim judgment for $300, exclusive of interest and costs." In *O'Connor* v. *Dils,* 43 W. Va. 54, 56, the court said: "All that follows after the words, 'civil action,' in the summons, * * * is a statement of the cause of action, and is, therefore, pleading to that extent." This principle was again recognized in *Longacre Colliery Co.* v. *Creel,* 57 W. Va. 347, 350-351, and *Leachman & Dawkins* v. *Young,* 64 W. Va. 652. The summons above rereferred to disclosed that the action was one for the recovery of money due for a wrong, namely, injury to plaintiff's automobile. A complaint subsequently filed, either oral or written, would merely have given more of the details of the injury and of the recovery sought. Pleadings before a justice are purposely made informal in order to avoid miscarriage of justice due to insistence upon technical rights. It has been held that, even where the record fails to disclose the entry of a plea and joinder of issue thereon, such failure is not reversible error, provided the case was as fully tried as if a definite issue had been joined. *Security Bank Note Co.* v. *Shrader,* 70 W. Va. 475.

Of course, a bill of particulars disclosing an itemized statement of the damage caused by the collision, when read in connection with the summons, would have furnished defendant with

ample information respecting the nature of the claim against him. *Townsend* v. *Brushy Run Lumber Co.*, 75 W. Va. 47. Doubtless on the new trial which we are compelled to award one will be filed. Though defendant, upon the trial before the circuit court, noted the absence of a formal pleading, yet he did not demand or insist upon it or upon the filing of a bill of particulars, despite plaintiff's prompt expression of willingness to file either a bill of particulars or an amended statement, and hence may be regarded as having waived any irregularity that otherwise might have existed. In view of these facts, considered in the light of the informal nature of proceedings before justices of the peace, we are of opinion that no reversible error was committed in this respect.

Other questions raised on this appeal need not now be discussed, because of the new trial which we are compelled to award, due to the insufficiency of proof to warrant the damages found by the jury. Our order, therefore, will reverse the judgment of the circuit court, set aside the verdict, and remand the case for a new trial.

*Reversed and remanded.*