MAX BIEDERMAN, *Inc. v.* J. E. HENDERSON

(No. 7943)

Submitted September 25, 1934. Decided October 2, 1934.

*John E. Jenkins,* for plaintiff in error.
*Samuel Biern* and *Leo Loeb,* for defendant in error.

KENNA, JUDGE:

This action in assumpsit was brought in the circuit court of Cabell County by Max Biederman, Inc., a corporation, against J. E. Henderson, doing business as Henderson Transport Company. The declaration embraces the common counts in assumpsit and one special count. The special count alleges that on the 6th day of May, 1932, defendant contracted with plaintiff to transport certain automobiles of the plaintiff from the city of Detroit to the plaintiff's place of business in the city of Huntington; that the undertaking of the defendant was that he would carefully and properly transport the automobiles, and deliver them in as good condition in all respects as they were when delivered to the defendant in the city of Detroit to be transported. The special count avers further that on the 19th of October, 1932, while the defendant was in the act of transporting a Dodge sedan and a Dodge coupe from Detroit to Huntington, he negligently drove them off the road and wrecked them, so that the plaintiff sustained a loss in the sum of $712.10, which the defendant refused to pay to the plaintiff. The defendant pleaded non-assumpsit, and at the trial the court directed a verdict for the plaintiff in the sum of $646.27, and on that verdict judgment was entered. To this judgment, the defendant prosecutes this writ of error.

The first proposition urged by plaintiff in error, defendant below, is that the plaintiff cannot recover either upon the theory of the common counts in assumpsit or upon the theory of its special count. This being a special contract, not fully executed, we think that the plaintiff's common counts in assumpsit are insufficient to admit of proof of the sort of a contract sued on. *Whitaker-Glessner Company* v. *Suburban Brick Co.,* 86 W. Va. 621, 104 S. E. 62. We think, however, that the special count

is plainly a contract count, and that it plainly. alleges, on plaintiff's theory, the breach of the contract, and the resultant damage. It is true that it alleges that the conduct of the defendant, relied upon to show a breach of the contract, was negligent, but it alleges a promise on the part of the defendant that would necessarily be breached by the alleged conduct, whether negligently performed or not, so that we believe the allegation of negligence is merely surplusage. There was no demurrer to the declaration, and while advantage. might have been taken of some technical point due to the insufficiency in form of the allegations, we do not believe that on motion to set aside the verdict there is such a departure from allegation to proof as would require the trial court to take that course.

The next proposition urged by the plaintiff in error is that the defendant did not become an insurer of the delivery of the cars in good condition. While we fully agree with the assertion of the plaintiff in error to the effect that the proof of this contract and of its rigid terms is extremely meager, yet in the absence of any qualification or contradiction (and we find none in this record) we cannot take the position that the trial court was not justified in holding that that is exactly what the defendant did bind himself to become: an insurer of the safe delivery of these automobiles. That is certainly the effect of what the declaration alleges, and it is certainly the effect of the plaintiff's uncontradicted testimony. Upon the present showing, the plaintiff stands upon a hard bargain, but the defendant does not deny the terms of the contract. He simply takes the position, that the fact that the automobiles were wrecked while he was transporting them, not through his fault, but through the fault of some third person who forced him off the road, does not constitute a breach of the unconditional contract to deliver safely. We think this position of the defendant is not tenable. . . . . . . . . .

The next contention of the defendant is that the case was tried on the wrong theory as to the measure of damages. Plaintiff was permitted to recover additional trans-

portation charges caused by the accident, and in getting the cars repaired at Columbus, Ohio, the cost of the repairs and, on one of the cars, the difference between what was actually received by the plaintiff when the repaired automobile was sold and the retail list price which, presumably, the plaintiff would have received for the same automobile had it not been wrecked. Defendant (plaintiff in error) argues, we think correctly, that the market value of the cars immediately before the wreck and immediately after is the true basis for figuring the damages. As a usual thing, the measure of damages where personal property is damaged, is the fair market value of that property before the damage from which is subtracted the fair market value of the same property immediately after the damage. *Broadie* v. *Randall,* 114 Kan. 92, 216 Pac. 1103, 32 A. L. R. 708, and note; *Gass* v. *Agate Ice Cream, Inc.,* 264 N. Y. 141, 190 N. E. 323; *Lake Erie & W. R. Co.* v. *Molley,* (Ind.) 134 N. E. 913; *Blanke* v. *United Rys. Co. of St. Louis,* (St. Louis Ct. of A.) 213 S. W. 174; Huddy, Cyc. of Automobile Law, Vol. 17-18; pp. 520, 546. If, for some peculiar reason, there is no market value for the article injured and this fact is proven, then some other test of damages may be adopted. *J. T. & K. W. R. Co.* v. *P. L. T. & M. Co.,* (Pt. 34, Syl.) 27 Fla. 157, 9 So. 661, 17 L. R. A. 33, 57. The courts vary widely in their statement of this rule, but it is our belief that a close scrutiny of the decided cases will result in the conclusion that the apparently variant principles laid down by the courts are in fact merely different evidentiary methods of getting at the determining factors of market value immediately after the injury subtracted from the market value immediately before the injury, the remainder being the actual damage. Different elements, according to the circumstances of each particular case, of course, must be considered such as repairs, costs of transportation, etc. *Rhodes* v. *Firestone Tire & Rubber Co.,* (Cal. D.C.A.) 197 Pac. 392. In this case, the witnesses for the plaintiff did not qualify themselves as familiar with the market value of the damaged automobiles. Instead, the retail list price was

substituted for market value before the injury, and the price for which they were sold by the plaintiff was substituted for market value after the injury. These prices may or may not have represented the actual fair market value of the automobiles. The model of this make of cars was about to change, and would change according to the testimony within thirty days. Possibly the retail list price for them could not have been procured under these circumstances. It is not shown that any more than the one effort was made to sell the cars after the injury to them. It is possible that on the re-sale the plaintiff did not procure the fair market value. What actually was done in the one transaction concerning the injured automobiles is, of course, probative for the purpose of showing that plaintiff actually got the fair market value for the automobiles after the injury, but it is not the test of fair market value. This must be shown by witnesses who are qualified on the question, as, for example, by virtue of their experience in the line of business in which the damaged articles moved. The damages must be shown by evidence along this broad line, and then it must appear that the specific transaction was based on the fair market value thus shown. Segregated transactions are not the proper test. Since the automobiles were obviously intended for the retail trade, we believe that the retail market would control.

A different rule might apply where the contract of carriage is entered into with knowledge on the part of the carrier of a specific re-sale of the property to be carried so that the contract of carriage might be said to contemplate that very transaction. But that is not this case.

For the foregoing reasons, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*