KANAWHA VALLEY BANK *v.* UNITED FUEL GAS COMPANY

(No. 8835)

Submitted February 7, 1939. Decided February 28, 1939.

*Harold A. Ritz* and *B. J. Pettigrew,* for appellant.

*John T. Copenhaver* and *Brown, Jackson & Knight,* for appellee.

*John T. Copenhaver* and *E. S. Bock,* amici curiae.

HATCHER, JUDGE:

Defendant operates a producing gas and oil lease which calls for payment to lessor "for each gas well from the time and while gas is marketed therefrom at the rate of one-eighth of the wholesale market value thereof at the well." As such operator, the lessee paid a tax assessed under Code, 11-13-2a upon it, because engaged in the business of producing gas for sale, etc. Then the lessee withheld from its royalty payment to the lessor a sum equal to one-eighth of its production tax. This is an action by the assignee of the lessor to recover the sum so withheld. The circuit court entered judgment for plaintiff.

The appellant contends that its reimbursement for one-eighth of its production tax is justified under any of the following propositions, to-wit, that the lessor (1) is a joint adventurer with the lessee; (2) is the principal of the lessee; or (3) is part owner of the gas produced with the lessee.

The contract herein terms itself a *lease* and the respective parties *lessor* and *lessee,* not merely once but a number of times. When the parties themselves, dealing at arm's length, have carefully, intelligently and in good faith defined their relationship, as in this contract, courts ordinarily do not change that label. Whatever the relationship here, the rights and liabilities of the parties are fixed by the contract. It was first executed in 1932. The production tax had then been imposed annually since 1921. The lessee, as a producer of gas prior to 1932, necessarily knew of the tax. Nevertheless, the lessee bound itself to pay the lessor a full one-eighth of the market price of gas at the well—not such price less one-eighth of the production tax. The lessee's deduction would be a material, unilateral modification of the contract, a modification which courts cannot sanction.

Appellant cites as "directly in point" the case of *Miller* v. *Oil Co.,* 38 Wyo., 505, 269 P. 43, 73 A. L. R. 821, where, under a similar lease, the lessee was allowed to deduct from the royalty one-eighth of the tax paid. While the

Wyoming statute levied a tax on "the gross product" of a mine, the statute provided that such tax should be "in lieu of taxes upon the land." The court justified its holding upon the following statement: "The tax is evidently a property tax rather than a license privilege or occupation tax. * * * While it is based upon the value of the oil, it is declared to be in lieu of taxes on the mining claim. * * * it is the practice * * * to assess the entire tax against the operating and producing company. Royalty interests are not separately taxed. * * * The practical result is that the tax paid by the lessee is in lieu, not only of taxes on the mining claim, but also of taxes on the lessor's royalty interest." In West Virginia, the production tax is not *in lieu* of the land tax; nor does the producer pay the royalty tax, which is specifically chargeable to the person collecting the royalty under Code, 11-13-9 (2 i). Consequently, the equitable considerations influencing the Wyoming court have no place here.

A case far more in point is *Norum* v. *Oil Co.*, 83 Mont. 353, 272 P. 534, where the lessee was denied a tax deduction from royalty under a lease and statute similar to those involved here.

The judgment is affirmed.

*Affirmed.*