C. P. Ripley

*v.*

C. I. Whitten Transfer Company, *a Corporation*

(No. 10319)

Submitted January 24, 1951.   Decided February 20, 1951.

*Jenkins & Jenkins, John E. Jenkins, Jr.,* and *John E. Jenkins,* for plaintiff in error.

*Edmund A. Marshall, George A. Fesenmeier,* and *Fitzpatrick, Strickling, Marshall & Huddleston,* for defendant in error.

Lovins, Judge:

A jury empaneled in the Circuit Court of Cabell County returned a verdict in the amount of sixteen hundred dollars in favor of C. P. Ripley, plaintiff, and against C. I. Whitten Transfer Company, a corporation, defendant. After overruling a motion to set aside the verdict, the trial court rendered judgment for the amount thereof. Defendant brings the case to this Court on writ of error.

420

The facts giving rise to this litigation are not complicated. The plaintiff owned a lot in or near the City of Huntington, so located that at least a portion of the lot was higher than the road on which such lot abutted. He employed the defendant to grade a portion of the lot, intending to place thereon a house trailer which he had purchased in the State of Florida at a price of $3,800.00. The trailer having been brought to a point near the lot, plaintiff employed the defendant to tow the trailer up a declivity to the graded site proposed for it.

An employee of defendant attempted to attach the trailer to a bulldozer. Although the record is not clear, it seems from the plaintiff's own testimony that he assisted or, in a measure, supervised the attachment of the trailer to the bulldozer.

On attempting to tow the trailer up the declivity, the connection between it and the bulldozer parted, the trailer rolled down the declivity, lodged against a bank, and was damaged. This action followed.

On the trial the plaintiff relied upon the testimony of a witness to establish the quantum of damages. Such witness had been engaged in the manufacture of truck bodies for approximately ten years, and testified that he had examined the damaged trailer. He placed an estimate of sixteen hundred dollars on the damages. This witness's testimony with reference to the amount of damage done the trailer is uncertain. He testified that he had examined the damaged trailer in a general way and made a "rough estimate" of the damage. He admitted that the cost of repair might actually be less than the estimated amount, or it might be more. A detailed itemized statement of the damages to the trailer was not made, nor is there proof of the market value of the trailer immediately before and immediately after the damage. At the conclusion of plaintiff's testimony, defendant moved the court to direct a verdict in its favor and also made a like motion at the conclusion of all the testimony. Such motions were overruled. On the writ of error defendant makes three as-

signments of error, but in brief and oral argument relies on one of such assignments, namely, that the evidence relative to the quantum of damages is not sufficient to support the verdict. We therefore confine this opinion to a discussion of the assignment of error relied upon by defendant.

The ascertainment of the value of property is frequently difficult and elusive. Various rules and principles relative to the legal ascertainment of value will be found in texts and judicial opinions. We are here concerned first with the measure of damages to a tangible personal chattel susceptible of repair. This Court is committed to a rule relative to the measure of damages, applicable in this and similar cases, phrased in the following language: "Unless circumstances justifying a departure from it are shown, the rule for determining the amount of damages for injury to personal property is to subtract the fair market value of the property immediately after the injury from the fair market value thereof immediately before the injury, the remainder, plus necessary reasonable expenses incurred, being the damages." *Biederman* v. *Henderson,* 115 W. Va. 374, 176 S. E. 433.

A similar conclusion is stated in the same language in the case of *Agsten* v. *United Fuel Gas Co.,* 117 W. Va. 515, 186 S. E. 126. See Annotations, 32 A. L. R. 711; 78 A. L. R. 917; 169 A. L. R. 1100; wherein cases from other jurisdictions are collated and the general rule stated and applied to variant circumstances.

The rule, with virtually the same meaning, is stated in the Restatement of the Law of Torts, Ch. 47, Sec. 928, in the following language: "Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowances for any difference between the original value and the value after repairs,

* * *." See 25 C. J. S., Damages, Section 83, sub-paragraph b. A similar statement of the rule is found in 4 Sutherland Damages, Fourth Edition, page 4168, as follows: "For any injury to it [personal property] there is a right to a proportional recovery, or for the cost of repairing it, tested by the reasonable worth of the materials used and the time expended, rather than what was actually expended for that purpose. * * * But if injured property has any value after the injury the measure of damages is the difference between such value and its value before the injury." Analysis of the decisions concerning this question discloses that there is really no substantial difference in the essentials of the rule. "* * * the apparently variant principles laid down by the courts are in fact merely different evidentiary methods of getting at the determining factors of market value immediately after the injury subtracted from the market value immediately before the injury, the remainder being the actual damage." *Biederman* v. *Henderson, supra.* We think that the reasonable cost of repairs is an evidential factor in determining the market value of a chattel after it has been damaged.

In some instances the elements or factors of damage are many and varied. An example of such situation is found in the case of *Pickens v. Boom Company,* 58 W. Va. 11, 16, 50 S. E. 872. See *Belcher v. King and Parr,* 96 W. Va. 562, 571, 123 S. E. 398. In situations such as disclosed in the *Pickens* case, if there is a sufficient basis furnished by the evidence, mathematical precision and absolute certainty are not required. But the jury may be authorized from consideration of all the facts and circumstances of a case tending to establish damages in the amount thereof to make a reasonable estimate of damages from direct evidence and upon inferences founded upon evidence. A similar situation is found in the case of *Anchor Co. v. Adams* (Va.), 124 S. E. 438. But in all cases the jury is not warranted in awarding damages where the evidence is speculative, conjectural and uncertain as to the amount of the damages.

We know of no principle inhibiting a plaintiff from personal property as a measure of damages in a proper case. It is to be kept in mind that the statement of the principle in *Biederman* v. *Henderson, supra,* hereinbefore quoted, is not all-exclusive. The record herein presents one controlling question: Is the evidence relating to the quantum of damages sufficient, certain and definite enough to sustain the verdict returned by the jury?

Actual existence of damages as well as the amount thereof must be disclosed with reasonable certainty. *Stone* v. *Gilbert,* 133 W. Va. 365, 56 S. E. 2d 201, 205. There must be some data established by proof from which the amount of loss suffered by the plaintiff may be determined. *Newman* v. *Robson & Prichard,* 86 W. Va. 681, 684, 104 S. E. 127. "Where the record contains no substantial testimony in support of the *quantum* of a verdict, it will be set aside." *Railway Co.* v. *Allen,* 113 W. Va. 691, 169 S. E. 610. It is true that in *Railway Co.* v. *Allen, supra,* the damages considered related to land, but the principle above quoted applies also to a personal chattel. "Where, in an action to recover for injury to an automobile, occasioned by the alleged negligence of defendant, proof of the amount of damage is vague, indefinite and speculative, consisting of general, rather than of itemized, estimates of the cost of repairs necessary to restore the car to its original condition, and based upon a hasty and insufficient examination of the machine, a verdict founded upon such evidence ought to be set aside and the case remanded for a new trial." *Tingler* v. *Lahti,* 87 W. Va. 499, 105 S. E. 810.

In the opinion in *Tingler* v. *Lahti, supra,* the Court discusses the controlling principle here considered as follows: "There exists ample means to render certain and definite the amount of damage done to a machine as the result of a collision. Plaintiff may delay his suit until he has employed a competent mechanic to make the repairs necessary to restore the car to as good condition as it was in immediately before the accident. Or if he does not desire to delay, he doubtless may obtain a competent person to

furnish in advance an itemized estimate of the cost of making such necessary repairs. A mere estimate in gross, based upon a hasty examination, will not suffice."

In the case at bar the only proof of the quantum of damages suffered by the plaintiff is a general, unitemized estimate made after a somewhat casual examination. It would not have been too burdensome for the plaintiff to have procured a careful detailed examination of his trailer, followed by an itemized estimate of the amount of labor and materials necessary for restoring it to the same condition it was in before the accident. Plaintiff did not choose to do this. Instead he relies upon a witness whose testimony is not based on a proper and complete examination of the damaged trailer and, at most, may be characterized as uncertain. The verdict not being sustained by the evidence as to the quantum thereof, the motion to set it aside and grant defendant a new trial should have been sustained by the trial court.

The record shows that the trailer had not been repaired at the time of the trial. Therefore, we express no views as to the correct amount of damages since the case must be tried again. We do, however, direct attention to the unsatisfactory nature of the proof as to who attached the trailer to the bulldozer and the uncertainty as to whether the plaintiff had any connection with that activity.

For the reasons stated, the judgment of the Circuit Court of Cabell County is reversed; the verdict is set aside; and the defendant is awarded a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*