C. C. Payne, *et al.*

*v.*

Ace House Movers, Inc.

No. 10988

Submitted January 20, 1960. Decided February 16, 1960.

*Kay, Casto & Chaney, Edward H. Tiley, John E. Davis,* for plaintiff in error.

*John G. Anderson,* for defendants in error.

CALHOUN, JUDGE:

In this action in assumpsit, the Circuit Court of Putnam County entered judgment on the verdict of a jury in favor of the plaintiff in the amount of $4,000. Upon the application of the defendant, this Court granted a writ of error to such judgment.

During December, 1955, The State Road Commission of West Virginia purchased from George Carghill a tract of land situated in Winfield, Putnam 'County, in connection with the construction of a bridge to be used as a part of the state highway system. By the terms of the conveyance from Carghill to the state road commission, he was given the right to remove certain buildings from the land conveyed, including the dwelling which is involved in this case. Carghill thereafter sold the house or dwelling in question to the plaintiff, C. C. Payne, for the sum of $500.00.

On January 23, 1956, C. C. Payne, as Charles C. Payne, entered into a written agreement with the defendant, Ace House Movers, Inc., under the terms of which the defendant agreed to move the house in question a distance of approximately 1,000 feet to a

designated location on land owned by the plaintiff, for a consideration of $1,550.

Steel beams were placed by the defendant under the house to support it during the moving process. When the house had been moved to a point approximately 75 feet from the proposed new location, one of the steel beams broke, or, according to some witnesses, bent downward, resulting in substantial damage to the house. When the house was being lowered thereafter on the new foundation, a 6 x 6-inch piece of wood, used as cribbing, was crushed by the weight of the house, resulting in certain damage to the new foundation. This action in assumpsit was instituted to recover for the damages thus caused by the defendant in moving the house.

Among other assignments of error, the defendant asserts that the court erred in granting the sole instruction tendered on behalf of the plaintiff as follows:

"The Court instructs the jury that in the event they should be of the opinion to find a verdict in favor of the plaintiff that they should allow him such sum as the evidence shows will fairly compensate him for the loss sustained by him by reason of the damage done him."

The primary objection urged on behalf of the defendant when the instruction was offered was that it "does not submit to the jury the true rule for ascertainment of damages in an action of assumpsit." In their brief filed herein, counsel for the defendant assert that the house when damaged was personal property, and that the proper measure of damages, therefore, is the difference between the fair market value of the property immediately before the injury and the fair market value thereof immediately following the injury, plus necessary and reasonable expenses incurred by the owner in connection with the injury, citing for such proposition the following cases: *Riddle v. B. & O. Railroad Co.*, 137 W. Va. 733, 73 S. E. 2d 793; *Cato v. Silling*, 137 W. Va. 694, 73 S. E.

2d 731; *Ripley v. Whitten Transfer Co.,* 135 W. Va. 419, 63 S. E. 2d 626; *Agsten v. United Fuel Gas Co.,* 117 W. Va. 515, 186 S. E. 126; and *Biederman v. Henderson,* 115 W. Va. 374, 176 S. E. 433.

We deem it unnecessary to decide whether the house at the time it was damaged was or was not personal property. See, however, 73 C.J.S., Property, Section 11, page 180. The cases listed immediately above involved actions sounding in tort. The case now under consideration, on the other hand, involves an action in assumpsit on a contract in writing, containing the following language:

> "That Mover hereby *agrees to repair any damage to the house done by Mover or any of its employees,* but will not be responsible for damage to wall paper, paint or plaster, and will not replace the same." (Italics supplied).

The parties to the contract, by the terms thereof, expressly fixed a standard for determining the defendant's liability. The measure of liability being fair, reasonable and capable of ascertainment, the contract in this respect must be applied according to its terms. *Ward v. Smith,* 140 W. Va. 791, 86 S. E. 2d 539; 17 C.J.S., Contracts, Sections 361 and 362, page 820. "Where parties agree upon a rule of damages to be followed in case of a breach of an agreement, no other or different rule will be enforced." 15 Am. Jur., Damages, Section 49, page 448. "In an action on a contract the parties are entitled to have it executed according to its terms, not according to some notion of equity or justice, or upon some fancied theory of computation by court or jury." *Wheeling Mold and Foundry Co. v. Wheeling Steel and Iron Co.,* 62 W. Va. 288, syl. 10, 57 S. E. 826. See also *Kanawha Valley Bank v. United Fuel Gas Co.,* 121 W. Va. 96, 1 S. E. 2d 875. The proper measure of recovery, pursuant to terms of the written contract, is the reasonable cost of repairs rendered fairly necessary by the damage done to the building by the defendant and its agents while the building

was being moved by it from the original location to a new location.

The plaintiff's instruction which was read to the jury is not inconsistent with the measure of recovery outlined above. While it does not define any specific measure of recovery, it is otherwise in proper form. The defendant had the right to offer instructions dealing in greater detail with the subject of the proper measure of recovery. While the instruction does not require that the plaintiff's damages appear by a preponderance of the evidence, it was not objected to on this ground, and instructions granted on behalf of the defendant dealt fully with the plaintiff's burden of proof. We perceive no error in the action of the court in reading the instruction to the jury.

The plaintiff introduced evidence disclosing bills in the aggregate sum of $2,544.09, which he testified in rather general terms were necessarily incurred by him in repairing the damage done to the house by the defendant. The verdict of the jury in the sum of $4,000, therefore, is not sustained by the evidence. "A verdict clearly in excess of the amount which the evidence shows the plaintiff is entitled to recover should be set aside by the trial court." *State v. Freeport Coal Co.*, 144 W. Va. 178, syl. 7, 107 S.E. 2d 503. For the reasons stated, the trial court should have sustained the defendant's motion to set aside the verdict and to grant the defendant a new trial.

Inasmuch as the case may be retried, we deem it advisable to express a word of caution concerning the sufficiency of the proof in relation to the repairs made by the plaintiff. Obviously, the plaintiff should not be permitted to recover for expenses incurred in the improvement of the house, as distinguished from the repair of damage caused by the defendant. In order to warrant a recovery, it must appear from the evidence that the expenditures incurred by the plaintiff were fairly necessary to repair the damage caused to the house by the defendant, and that the charges

therefor are reasonable. *Keffer v. Logan Coca-Cola Bottling Works, Inc.,* 141 W. Va. 839, 93 S. E. 2d 225; *Ripley v. Whitten Transfer Co.,* 135 W. Va. 419, 63 S. E. 2d 626; *Landau v. Farr,* 104 W. Va. 445, 140 S. E. 141; *Tingler v. Lahti,* 87 W. Va. 499, 105 S. E. 810; 25 C.J.S., Damages, Section 91, page 634, and Section 144c, page 790. A jury will not be permitted to base its findings of fact upon conjecture or speculation. *State v. Freeport Coal Co.,* 144 W. Va. 178, syl. 6, 107 S. E. 2d 503; *Oates v. Continental Insurance Co.,* 137 W. Va. 501, syl. 1, 72 S. E. 2d 886.

For the reasons stated herein, the judgment of the Circuit Court of Putnam County is reversed, the verdict of the jury is set aside, and the defendant is awarded a new trial.

Judgment reversed;
verdict set aside;
new trial awarded.