PETROPLUS, JUDGE:
J. R. Hardy, claimant, filed this claim alleging damages to his 1964 Rambler Sedan in the amount of $415.56, resulting from the Montgomery flood of October 11, 1967, which has been subject of a number of claims filed in this Court. The claimant had taken his automobile to Montgomery Motors for “winterizing service”, and while the automobile was there it was allegedly damaged by the release of flood waters from the abandoned coal mine in the road construction area.
Respondent moved that the claim be dismissed on the ground that it was not brought by the real party in interest, it appearing that J. R. Hardy had been reimbursed by his insurance company and that the real party in interest was Celina Mutual Insurance Company by way of subrogation.
The claim was filed on October 10, 1969, one day before the statute of limitations expired. On April 7, 1971, claimant’s counsel advised the Clerk of the Court of Claims that this was a subrogation claim, and in effect requested an amendment of the claim, stating that he also represented the subrogee. The pleadings in the Court of Claims are quite informal, and in the interest of doing justice we hold that the claim has been properly amended to show the real party in interest, and that substituting the subrogee for J. R. Hardy, claimant, does not constitute the filing of a new claim after the running of the statute of limitations or bringing in a new party. The motion to dismiss is therefore overruled, it being our opinion that the amendment of the claim was effectuated by notification to *163 the Clerk without the filing of a formal motion to that effect. The Rules of Civil Procedure which apply to the Court of Claims, except where in conflict with the special rules of this Court, provide that leave to amend shall be freely given when justice so requires (R.C.P. 15).
This Court has heretofore held in other Montgomery Flood cases that damages to personal property are compensable as a result of the Montgomery flood, there being no adequate remedy at law for the claimant. See the opinion of this Court in Firestone Tire and Rubber Company v. Department of Highways, claim No. D-227, issued February 16, 1972.
At the hearing evidence was taken, and it appeared that the automobile had been sent to the garage for a general overhaul. There is little doubt that the flood waters caused additional damage to the car, ruining the battery and requiring cleaning of the engine. The repair bills submitted were itemized and show as additional items removing wheels, cleaning brakes, cleaning chasis, polishing the car and subletting undefined work in the amount of $175.00, aggregating $415.56. No evidence was submitted as to what repairs were required on the car before it was placed in the garage. A disinterested witness testified that the flood waters reached a height of twenty-four inches, and the position of the car in the garage would also have some relation to the level of the water in the car. Although the proof is not entirely satisfactory, it did appear from the evidence that the automobile in the repair shop was damaged by flood waters. The condition of the automobile at the time it was placed in the garage for servicing was not shown, neither were damages provided by applying the rule for measure of damages which has been reiterated by the Supreme Court of Appeals of West Virginia many times in its reported decisions. The proper measure of damages would be the difference in the market value of the automobile immediately before and immediately after the injury. Although requested to submit such testimony, counsel have not complied.
The owner is not entitled to the full cost of the repairs where they make the property more valuable than it was before the injury, and the cost of repairs is admissible as it relates to the diminution of the value of the property.
*164 The claimant has undoubtedly suffered a loss and should be placed in the same position that he was in before the injury. See Biederman v. Henderson, 115 W. Va. 374, 176 S.E. 433; Agsten & Sons v. United Fuel Gas Co., 117 W. Va. 515, 186 S.E. 126; Ripley v. Whitten Transfer Co., 135 W. Va. 419, 63 S.E. 2d 626; Cato v. Silling, 137 W. Va. 694, 73 S.E. 2d 731; and Spencer v. Steinbrecher, 152 W. Va. 490, 164 S.E. 2d 710, all of which cases state the general rule with regard to damages. The rule for proving damages to personal property not destroyed is stated in the Cato case, as follows:
“As a general rule the proper measure of damages for injury to personal property is the difference between the fair market value of the property immediately before the injury and the fair market value immediately after the injury, plus necessary reasonable expenses incurred by the owner in connection with the injury. When, however, injured personal property can be restored by repairs to the condition which existed before the injury, and the cost of such repairs is less than the diminution of the market value due to the injury, the measure of damages may be the amount required to restore such property to its previous condition.”
The proof in this case fails to comply with said rule.
In the interest of reaching a just decision on the claimant’s damages, the Court will recommend an award only for those damages that are clearly the proximate consequence of the flooding, namely:
Cleaning engine_ $ 48.00
Removing wheels and cleaning brakes_ 36.00
Clean chasis and lubrication_ 24.00
Clean outside of car and polish_ 48.00
$156.00
Tax 4.68
$160.68
Respondent’s objection to a letter dated July 14, 1972, signed by F. J. Divita, Vice-President of Montgomery Motors, tendered *165 after the hearing giving his opinion as to the fair market value of the automobile before and after the flooding is sustained. The letter is incompatible with the testimony of Mr. Divita at the hearing to the effect that he had not examined the car and had no personal knowledge of its market value. To admit the letter would also be a denial of Respondent’s right to cross-examine Mr. Divita on the contents of the letter.
Claim allowed in the amount of $160.68.