# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roger Lee Goff,**
**Plaintiff Below, Petitioner**

**vs.) No. 17-0408** (Boone County 15-C-199)

**Williams Holdings, LLC**
**d/b/a Williams Transport,**
**and Teddie G. Williams,**
**Defendants Below, Respondents**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger Lee Goff, by counsel Erica Lord, appeals the Circuit Court of Boone County's March 30, 2017, order granting respondent's motion for judgment as a matter of law. Respondent Williams Holdings, LLC d/b/a Williams Transport, by counsel Daniel R. Schuda, filed a response.[1] On appeal, petitioner contends that the circuit court erred in directing a verdict in respondent's favor after the jury returned a verdict in petitioner's favor and where his evidence of damages was sufficient.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner worked for respondent from July 9, 2013, to May 27, 2014, transporting railroad workers in a van provided for petitioner's use by respondent. In addition to transporting passengers, respondent also required petitioner to keep his van clean and properly maintained. Petitioner, however, contended that respondent failed to pay him for the time he spent cleaning and maintaining this van; accordingly, he initiated suit on October 26, 2015, asserting various claims, including a violation of the West Virginia Wage Payment and Collection Act (the "Act"), codified at West Virginia Code §§ 21-5-1 through 21-5-18.[2]

---

[1]Respondent Teddie G. Williams was never served with the complaint and was dismissed prior to trial. This respondent makes no appearance before this Court; accordingly, all references to "respondent" herein are to Williams Holdings, LLC d/b/a Williams Transport.

[2]Petitioner's other claims were either dismissed or abandoned prior to trial.

1

On February 28 and March 1, 2017, the circuit court held a jury trial on this claim. Petitioner testified at trial that he was required to be on-call for respondent. Upon being dispatched to a railyard, petitioner would report to the railyard, wait for his passengers, and then take these railroad employees where necessary. Petitioner was not informed how long he would have to wait at a given location, but he testified that he could wait for as few as ten minutes or as many as eight hours.[3] Petitioner testified that, due to the uncertain length of time he would be waiting, he was unable to clean the van during the wait. Instead,

> [e]very time I washed that van I took it to the car wash, and that was either as I was going to work or coming home from work I took it and washed it, because you didn't do it on your own time, because if you got caught out driving the van on your own time, they'd terminate you.

Petitioner testified that he was never compensated for the time he spent cleaning the van. When asked how many hours per week he spent cleaning the van, he responded, "I would say four and a half, five hours a week." This testimony was petitioner's sole evidence of his alleged uncompensated hours cleaning the van.

Petitioner completed and submitted his timesheets to respondent, and the timesheets included detailed entries of the times petitioner was called by respondent's dispatchers, left his house, arrived at his destination, loaded his passengers, arrived at the railroad load out, departed from the load out, and returned to his initial destination. Petitioner was also required to obtain a conductor's signature on his timesheet for every trip and report his time upon reaching his home after a call.[4] But petitioner never included the time purportedly spent cleaning the van, nor did he keep records of the number of times he cleaned the van.[5]

Respondent's owner, Teddie G. Williams, testified that drivers are expected to keep their vans clean, and that the ten- to twelve-hour compensated periods that drivers are frequently waiting for their passengers provide ample opportunity for that cleaning.

---

[3]Petitioner does not dispute that he was paid for his wait time.

[4]Petitioner testified that, for certain trips, he was not paid until he reached the railyard. For longer trips, he testified that he was paid from the time he left his house.

[5]Indeed, the record suggests that petitioner never informed respondent during his employment that he was cleaning the van outside of his reported and compensated hours. Rather, respondent first became aware that petitioner sought compensation for this time when he filed his complaint against it, nearly one and a half years after he left respondent's employment.

At the close of petitioner's evidence, respondent moved for judgment as a matter of law pursuant to Rule 50 of the West Virginia Rules of Civil Procedure.[6] Respondent argued that petitioner failed to demonstrate that it had knowledge of petitioner's work and that his evidence of damages was speculative. The circuit court agreed that petitioner had "a lot of problems when it comes to damages," but nonetheless denied respondent's motion. Again, at the close of evidence, respondent renewed its motion. The circuit court, "[b]y the thinnest of margins," denied the motion and submitted the case to the jury. Finding that petitioner worked 122 uncompensated hours at $7.25 per hour, the jury returned a verdict in petitioner's favor in the amount of $885.00. Respondent again renewed its motion for judgment as a matter of law.[7] The circuit court directed respondent to file the motion in writing and set a hearing date for post-trial motions.

On March 9, 2017, the parties appeared for post-trial motions. Respondent argued that, during the times petitioner purportedly cleaned the van outside of his compensated work hours, he was not an "employee" under the Act, which defines "employee" as "any person suffered or permitted to work by a person, firm or corporation." W.Va. Code § 21-5-1(b). Respondent also argued that petitioner "never testified that he spent any specific period of time on any specific date cleaning the van," thus rendering his evidence of damages speculative. The circuit court

---

[6]Rule 50 provides that

[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

[7]Rule 50 further provides that

[i]f, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew the request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment[.] . . . In ruling on a renewed motion, the court may:

(1) If a verdict was returned:

(A) allow the judgment to stand,

(B) order a new trial, or

(C) direct entry of judgment as a matter of law[.]

granted respondent's motion for judgment as a matter of law. The circuit court found that the words "suffered" and "permitted" as used in the Act "necessarily require knowledge. . . . A reading of this statute to create an employment relationship even when the knowledge of and consent to those actions is lacking defies all logic." Because respondent had no knowledge that petitioner cleaned his van outside of his assigned work periods, the circuit court found that he was not an "employee" while cleaning the van, as defined by the Act. The circuit court also found that petitioner's proof of damages was purely speculative. These rulings were memorialized in an order entered on March 30, 2017. It is from this order that petitioner appeals.

This Court applies

> a *de novo* standard of review to the grant or denial of a pre-verdict or post-verdict motion for judgment as a matter of law. After considering the evidence in the light most favorable to the nonmovant party, we will sustain the granting or denial of a pre-verdict or post-verdict motion for judgment as a matter of law when only one reasonable conclusion as to the verdict can be reached.

*Sneberger v. Morrison*, 235 W.Va. 654, 667, 776 S.E.2d 156, 169 (2015) (citation omitted).

On appeal, petitioner argues that his testimony concerning the amount of uncompensated time he spent washing the van is sufficient because, per *McLaughlin v. Murphy*, 436 F.Supp.2d 732 (D.Md. 2005), a plaintiff may prove the number of hours worked by making a reasonable estimate of those hours. Under this standard, which is applied in claims arising under the Fair Labor Standards Act ("FLSA"), petitioner states that a plaintiff has satisfied his or her burden as to damages by creating a "just and reasonable inference" as to the amount and extent of work performed. *See id.* at 737. Therefore, petitioner argues that, even though he offered only an approximation of the uncompensated hours, such was sufficient and supported the jury's finding. Petitioner also argues that this approximation proves damages "to a reasonable certainty." *See* Syllabus, *Rodgers v. Bailey*, 68 W.Va. 186, 69 S.E. 698 (1910) ("In proving compensatory damages, the standard or measure by which the amount may be ascertained must be fixed with reasonable certainty, otherwise a verdict is not supported and must be set aside.").

To begin, we note that "our wage and hour law found in W.Va. Code [§] 21-5C-1, *et seq.*, is modeled to some extent on the federal minimum wage law contained in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*" *McCarty v. Harless*, 181 W.Va. 719, 724, 384 S.E.2d 164, 169 (1989). Thus, at least where the language of the Act is "markedly similar to the corresponding language" in the FLSA, "we turn to federal case law for assistance in determining the applicable standards." *Id.* Assuming applicability of FLSA standards in this matter, however, petitioner has nevertheless failed to establish error in the circuit court's ruling.

In *McLaughlin*, cited by petitioner to support his argument that his testimony concerning his damages was sufficient, neither the employer nor employee kept records of the employee's time. 436 F.Supp.2d at 737. The court set forth that

> [*i*]*n a situation, such as this, where the employer does not have records of the employee's hours*, "an employee has carried out his burden if he proves that he

4

has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

*Id.* (emphasis added and citation omitted). There is no evidence that respondent's records were inaccurate or otherwise lacking; therefore, this relaxed standard of proof is inapplicable. *See Blakes v. Ill. Bell Tel. Co.*, 75 F.Supp.3d 792, 807 (N.D. Ill. 2014) ("If [the employer's] records are inadequate . . . and their inaccuracy makes it difficult for the named plaintiffs to prove damages, the named plaintiffs can meet their burden by showing the amount and extent of the unpaid work they performed 'as a matter of just and reasonable inference.' . . . However, if [the employer's] records are adequate under the FLSA's standards, then the accurate time records will establish the amount of damages and the general rule precluding recovery of uncertain or speculative damages applies.").

Moreover, the court in *McLaughlin* observed that the employee "admitted that he never reported his hours to [his employer] and [his employer] did not supervise his work. [The employee] has not shown any awareness on [his employer's] part of any specific amount of uncompensated hours that he worked." *Id.* at 738. Consequently, the court also found that the employee was unable to meet his burden of establishing the number of uncompensated hours his employer "suffered" or "permitted" him to work.[8] Indeed, under the FLSA, to recover against an employer for uncompensated hours, an employee must establish "that his employer had knowledge, either actual or constructive, of his overtime work." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). "The words 'suffer' and 'permit' as used in [the FLSA] have been consistently interpreted to mean with the knowledge of the employer." *Id.* Petitioner offered no evidence to establish that respondent had knowledge of his asserted uncompensated work. Instead, the evidence was that while employed, petitioner never informed respondent of the work for which he later sued to obtain compensation. Thus, applying the FLSA's standards as urged by petitioner nonetheless fails to warrant reversal of the circuit court's order.

Lastly, petitioner argues that his testimony also establishes his damages to a reasonable certainty. Aside from petitioner's assertion that his bald statement "I would say four and a half, five hours a week" meets this standard, he offers no law or argument in support. We have held that "[w]here the record contains no substantial testimony in support of the quantum of a verdict, it will be set aside." Syl. Pt. 2, *Chesapeake & Ohio Ry. Co. v. Allen*, 113 W.Va. 691, 169 S.E. 610 (1933). Likewise, "[t]he general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Syl. Pt. 6, *Stone v. United Eng'g*, 197 W.Va. 347, 475 S.E.2d 439 (1996). Petitioner's guesstimate of the number of hours he spent washing the van is not "substantial testimony" and is, by his use of the phrase "I would say," conjectural and speculative. Thus, petitioner's testimony is simply insufficient in this instance to establish with reasonable certainty any damages he sustained. Accordingly, petitioner has failed to establish error in the circuit court's ruling.

---

[8]Under the FLSA, "'employ' includes to suffer or permit to work." 29 U.S.C. § 203(g).

For the foregoing reasons, the circuit court's March 30, 2017, order granting respondents' motion for judgment as a matter of law is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker